SHIRLEY S. ABRAHAMSON, J.
¶ 37. (concurring). The defendant argues in the instant case that his constitutional right against self-incrimination and his constitutional right to due process of the law were violated by the prosecutor's repeated comments to the jurors that they could infer the defendant's guilt for drunk driving from his refusal to submit to a warrant-less breathalyzer test.
¶ 38. I agree with the majority opinion that the defendant's constitutional rights were not violated by the prosecutor's comments and that the defendant did not receive ineffective assistance of counsel. I disagree with the defendant that long-standing Wisconsin law permitting comment on the defendant's refusal to submit to a breathalyzer test has been abrogated.
¶ 39. I write separately because the majority opinion's refrain, repeated in the instant case five times and in other decisions, that the defendant "had no constitutional or statutory right to refuse to take the breathalyzer test" states the law too broadly and veers toward being misleading. See, e.g., majority op., ¶¶ 3, 19, 24, 29, 36.
f 40. A more correct statement of the law, in my opinion, is that a driver who refuses to take a breath test that is lawfully administered to the driver for a drunk driving offense may suffer consequences for refusal.
¶ 41. With regard to constitutional rights pertaining to drunk driving, namely an individual's Fourth Amendment right to be secure against unrea *639 sonable search and seizure, a warrantless breath test and a warrantless blood test are treated differently. The instant case involves a breath test, not a blood test.
f 42. The "Fourth Amendment permits warrant-less breath tests incident to arrests for drunk driving." Birchfield v. North Dakota, 136 S. Ct. 2160, 2184 (2016). In contrast, as a general rule, the Fourth Amendment does not permit warrantless blood draws incident to lawful drunk driving arrests. Birchfield, 136 S. Ct. at 2185.
¶ 43. Numerous cases demonstrate that drivers can and do refuse to take breath tests incident to arrest for drunk driving, that law enforcement officers cannot and do not force a driver to take a breath test,[1] and that the driver may suffer consequences (under state law) as a result of the refusal. Birchfield, 136 S. Ct. at 2168-69.[2]
¶ 44. With regard to statutory rights pertaining to drunk driving, the Wisconsin legislature has regulated breath tests for drunk drivers. See Wisconsin Implied Consent Law, Wis. Stat. § 343.305.
¶ 45. The Wisconsin Implied Consent Law does not empower law enforcement officers to take a sample of a driver's breath forcibly (if that is even possible). To acquire a driver's participation and cooperation in the administration of a breath test, the Implied Consent Law requires a law enforcement officer to advise the driver that the officer is requesting a breath test and *640 that if the driver refuses to take the breath test, there will be adverse consequences for the driver.
¶ 46. The Law sets forth an "Informing the Accused Form," which a law enforcement officer is required to read verbatim to a driver. The Form is read "[a]t the time that a chemical test specimen is requested" under the Wisconsin Implied Consent Law. The text of the reading explicitly advises a driver that he or she may refuse to give a breath sample but that a refusal has consequences, including revocation of operating privileges and use of the refusal against the driver in court:
You have either been arrested for an offense that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both, or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person, or you are suspected of driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.
This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court.
Wis. Stat. § 343.305(4) (emphasis added).[3]
*641 ¶ 47. The State apparently agrees that under the Implied Consent Law a driver may refuse to take a breath test but that the driver suffers consequences. The State's brief explains: "[T]here is no right to refuse a breath test under the implied consent law without consequences."[4]
¶ 48. For the reasons set forth, I write separately.
¶ 49. I am authorized to state that Justices ANN WALSH BRADLEY and DANIEL KELLY join this concurring opinion.

 A breath test requires driver participation and cooperation. Birchfield v. North Dakota, 136 S. Ct. 2160, 2168 (2016).

 See, e.g., Birchfield, 136 S. Ct. at 2185 ("Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and eviden-tiary consequences on motorists who refuse to comply.").

 Other provisions of the Implied Consent Law also connote that a driver has a choice to submit to or refuse to submit to a test. See, e.g., Wis. Stat. § 343.305(5)(a) ("If the person *641 submits to a test under this section, the officer shall direct the administering of the test."); § 343.305(9) (entitled "Refusals; Notice and Court Hearing"; directing law enforcement and judicial action when the driver refuses to take a breath test).

 See Brief of Plaintiff-Respondent (State of Wisconsin) at 24 (emphasis added).
The notion that a driver has a right to refuse to take a breath test and face adverse consequences is similar to the doctrine in contract law that a party to a contract has a right to breach a contract and suffer the consequences. See, e.g., Stop-N-Go of Madison, Inc. v. Uno-Ven Co., 184 F.3d 672, 680 (7th Cir. 1999) (discussing efficient breaches of contract) (citing E. Allen Farnsworth, Contracts § 12.8 at 194-95 (2d ed. 1990) ("Most courts have not infringed on the freedom to keep or break a contract traditionally afforded a party by the common law and endorsed by the notion of efficient breach.")).